

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00293-CR

JAMES DORA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2019-417,316, Honorable John J. "Trey" McClendon III, Presiding

April 7, 2022

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J. and PIRTLE and DOSS, JJ.

Appellant James Dora, Jr. appeals his conviction for aggravated robbery[1] and sentence to forty-five years' imprisonment. The appellate record was originally due December 20, 2021. The clerk's record was filed by this deadline, but the reporter's record was not. We subsequently granted the reporter, Ms. Breann Hays, three extensions to file the reporter's record due to her caseload. By letter of February 24, 2021, we admonished Ms. Hays that no further extensions would be granted and that failure to file the reporter's record by March 21 would result in the appeal being abated

---

[1] See TEX. PENAL CODE ANN. § 29.03.

and the cause remanded to the trial court for further proceedings without further notice. Ms. Hays has since requested a fourth extension to April 21, 2021, to file the reporter's record.

We deny the request, abate the appeal, and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

1. what tasks remain to complete the filing of the reporter's record;

2. why Ms. Hays has not completed the necessary tasks;

3. what amount of time is reasonably necessary for the completion of those tasks; and

4. whether Ms. Hays can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that Ms. Hays will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by May 9, 2022.

It is so ordered.

Per Curiam

Do not publish.